Opinion of the Court, by
Judge Logan.
Tompkins brought his action of assumpsit, to recover from Sebastian, for certain work done and performed as a mill-wright. The first question presented for our consideration is, that the court below erred in refusing to instruct the jury as in case of a nonsuit, upon the motion of the defendant to that effect.
But it seems that if the plaintiff was entitled to recover any thing for his labor, the defectiveness of it was improper matter of defence inasmuch as it furnished a legitimate cause of action in behalf of the defendant against the plaintiff.
This motion appears, from the bill of exceptions, to have been founded upon the evidence adduced by the defendant himself, which may have conflicted with the evidence produced by the plaintiff, and therefore formed the proper subject for the inquiry of the jury. But it is shown, moreover, that the work was not performed, in consequence of high water; and that, for events of that kind, the plaintiff was not to be answerable.
The second question presented by the assignment of error, is as to the admissibility of evidence, upon the score of interest. The witness deposed, on his voire dire, that he had no interest in the event of the suit, and that he acted only as the agent of the plaintiff, the correctness of which is not invalidated by opposing proof; and, therefore, the witness was competent, however much the jury might be disposed to doubt his credibility, from the attitude in which he was placed, and the part which he had acted in the employment of hands and superintending the work in the absence of the plaintiff.
The next point presented is of a more questionable aspect; it goes directly to the merits of the plaintiff’s demand, whether the verdict of the jury was contrary to evidence? The verdict is for $180, and it is admitted that the defendant had paid to the plaintiff $141 34 cents, making the sum of $321 34 cents, with the amount found by the jury. The extent of the work, as proved by the agent of the plaintiff, according to the usual prices of work, was $321. This estimate was made upon the supposition that the work was performed in a good and workmanlike manner. Whether the work was so defectively executed as to entitle the plaintiff to nothing for his services, was a question of fact proper for the determination of the jury, subject to the control of the court for evident mistake. For the purpose of enquiring into that fact, it was proper to submit to the consideration of the jury, evidence to repel a recovery at all. But if the jury were of opinion that any thing ought to be recovered by the plaintiff for the work as performed, although that opinion should have been for a part only, on account of the defectiveness of the work; yet the principle seems to be, that as the plaintiff is entitled to a partial recovery, and the defendant to his separate action against the plaintiff for not fulfilling his contract, therefore it is not proper *200 matter of defence; and the jury should disregard so much of the evidence as related to the defence, leaving the defendant to his action; otherwise, there might be a reduction of damages by the way of defence, and afterwards a recovery in full for not having performed the work in a good and workmanlike manner. See Peake’s Evid. 265.
As we cannot say that the court erred in refusing a new trial, upon the ground that the plaintiff was not entitled to recover any thing for his work, under the authority of the doctrine as recited, we cannot declare the opinion of the court below to be erroneous. The judgment must, therefore, be affirmed with costs and damages.